UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---------------------------------------------------------x
:
IN RE OLYMPIC FINANCIAL, LTD.     :   Civil File No. 97-496 (MJD/JGL)
SECURITIES LITIGATION              :   Class Action
:
---------------------------------------------------------x
:
THIS DOCUMENT RELATES TO:         :
ALL ACTIONS                         :
:
---------------------------------------------------------x

## ORDER PRELIMINARILY APPROVING
## SETTLEMENT AND CERTIFYING THE CLASS

WHEREAS, Olympic Financial, Ltd. ("Olympic")(as defined in the Agreement of Settlement ("Settlement Agreement")), the Individual Defendants (as defined in the Settlement Agreement) and the Plaintiff Class (as defined below) in this Litigation have applied for an Order pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, preliminarily approving a proposed Settlement of the Class Action in accordance with the Settlement Agreement entered into by the parties on ___May 16, 2001___, a copy of which is attached to the Notice of Motion and Motion as Exhibit A, and to certify the Class pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

NOW, THEREFORE, pursuant to Rule 23 of the Federal Rules of Civil Procedure, upon the agreement of the parties after consideration of the Settlement Agreement and the exhibits annexed thereto,

IT IS HEREBY ORDERED THAT:

1. The Litigation is certified as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) and the Plaintiff Class shall be defined as:

25265.1   1   FILED  JUN 1 5 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD_____
DEPUTY CLERK_____

> All persons and entities who purchased the common stock of Olympic Financial, Ltd. ("Olympic") on the open market during the period from July 20, 1995 through March 3, 1997, inclusive. Excluded from the Class are Olympic, its predecessors, successors, subsidiaries, parents, affiliates, and related corporations and entities, the Individual Defendants, and any past or current members of the Individual Defendants' immediate families, any entity in which any Defendant has a controlling interest, all officers and directors of Olympic, any subsidiary, affiliate, or controlled person of any such person or entity, and the legal representatives, heirs, successors or assigns of any such excluded person or entity.

2. The Court designates Stuart Taran, North River Trading, LLC, Michael Diemer, Frank Dibella, Allan Farkas, Howard Pisnoy, and Vera Silverman as representatives of the certified Plaintiff Class. The Court finds that these individuals are similarly situated to the absent class members and will be adequate Class Representatives.

3. The representations, agreements, terms and conditions of the Settlement Agreement dated May 16, 2001, and exhibits annexed thereto, are preliminarily approved.

4. Having reviewed the proposed form of Notice of Pendency of Class Action, Proposed Settlement of Class Action, and Settlement Approval Hearing (the "Notice") submitted by the parties as Exhibit E to the Notice of Motion and Motion and the plan of allocation contained therein, the Court hereby approved such Notice and directs that Chair of Executive Committee[1] shall mail or cause to be mailed such Notice to all members of the Plaintiff Class who can be identified through reasonable effort. The mailing is to be made by first class United States mail, postage prepaid, at least 45 days prior to the date of hearing on approval of the proposed Settlement.

5. Having reviewed the proposed form of Summary Notice of Pendency of Class Action, Proposed Settlement, and Settlement Approval Hearing (the "Summary Notice")

---

[1] The law firm of Heins Mills & Olson was previously designated as Chair of the Executive Committee by Order of this Court dated June 25, 1995.

25265.1                                              2

submitted by the parties as Exhibit F to the Notice of Motion and Motion, the Court hereby approves such Summary Notice and directs that Chair of the Executive Committee shall cause such Summary Notice to be published once in the national edition of <u>The Wall Street Journal</u> at least 45 days prior to the hearing date for the approval of the proposed Settlement.

      6.    The Court finds and determines that mailing of the Notice and publication of the Summary Notice constitutes the best notice to the Plaintiff Class practicable under the circumstances, constitutes due and sufficient notice of the matters set forth in said Notices to all persons entitled to receive notice, and fully satisfies the requirements of due process and of Rule 23 of the Federal Rules of Civil Procedure. The Court further authorizes Chair of the Executive Committee to expend, prior to the effective dates, without further Order of the Court, up to $200,000 of the Class Settlement Fund (as defined in the Settlement Agreement) for costs of identifying Class Members, printing and giving notice to the Plaintiff Class, processing claims and related administration expenses of the Class Settlement Fund.

      7.    The Court finds and determines that the proposed plan of distribution is fair, reasonable and adequate and therefore preliminarily approves the proposed plan of distribution as set forth in the Notice.

The proposed plan of distribution is designed to establish a recognized loss for each member of the Plaintiff Class submitting a claim ("Claimant"). The distributions to Claimants will be a pro rata portion of the net settlement fund based on each Claimant's recognized loss. The recognized loss ("Allowed Claim") has been determined by Plaintiffs' Lead Counsel, in consultation with their damage experts.

Each Claimant will receive a pro rata portion of the net settlement proceeds (after payment of fees, expenses, etc.) based on the Claimant's recognized loss. A Claimant must

show a recognized loss, as described in the plan of distribution, during the Class Period to receive any recovery from the Class Settlement Fund.

Under the proposed plan of distribution, a Recognized Loss will be calculated as follows:

A. For Authorized Claimants who purchased shares of Olympic Financial common stock between July 20, 1995 and February 3, 1997.

    1. If such shares were sold between July 20, 1995 and February 3, 1997, the Recognized Loss on each share sold shall be the lesser of:

        (a) $1.00 per share; or

        (b) 25% of the difference between: (1) the purchase price (excluding commissions, fees, charges and taxes); and (2) the sales price (excluding commissions, fees, charges and taxes); if such difference is greater than zero.

    2. If such shares were sold between February 4, 1997 and March 3, 1997, the Recognized Loss on each share sold shall be the lesser of:

        (a) $2.00 per share; or

        (b) 50% of the difference between: (1) the purchase price (excluding commissions, fees, charges and taxes); and (2) the sales price (excluding commissions, fees, charges and taxes); if such difference is greater than zero.

    3. If such shares were sold between March 4, 1997 and the close of trading on May 30, 1997, the Recognized Loss on each share shall be the lesser of:

        (a) $3.00 per share; or

        (b) the difference between: (1) the purchase price (excluding commissions, fees, charges and taxes); and (2) the greater of (a) the mean trading price of that security during period between March 3, 1997 and the date of sale; or (b) the sales price (excluding commissions, fees, charges and taxes); if such difference is greater than zero.

    4. If such shares were still held as of the close of trading on May 30, 1997, the Recognized Claim on each share held shall be the lesser of:

      (a)    $3.00 per share; or

      (b)    the difference between: (1) the purchase price (excluding commissions, fees, charges and taxes); and (2) $9.427;[2] if such different is greater than zero

B.    For Authorized Claimants who purchased shares of Olympic Financial common stock between February 4, 1997 and March 3, 1997:

    1.    If such shares were sold between February 4, 1997 and March 3, 1997, the Recognized Claim on each share sold shall be the lesser of:

        (a)    $1.00 per share; or

        (b)    25% of the difference between: (1) the purchase price (excluding commissions, fees, charges and taxes); and (2) the sales price (excluding commissions, fees, charges and taxes); if such difference is greater than zero.

    2.    If such shares were sold between March 4, 1997 and the close of trading on May 30, 1997, the Recognized Claim on each share shall be the lesser of:

        (a)    $1.00 per share; or

        (b)    the difference between: (1) the purchase price (excluding commissions, fees, charges and taxes); and the greater of (a) the mean trading price of that security during period between March 3, 1997 and the date of sale; or (b) the sales price (excluding commissions, fees, charges and taxes); if such difference is greater than zero.

    3.    If such shares were still held as of the close of trading on May 30, 1997, the Recognized Claim on each share held shall be the lesser of:

        (a)    $1.00 per share; or

---

[2]Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $9.427 is the mean trading price of Olympic Financial common stock during the 90-day period beginning on March 3, 1997.

25265.1                                  5

  (b) the difference between: (1) the purchase price (excluding commissions, fees, charges and taxes); and (2) $9.427; if such difference is greater than zero.

Any gains from purchases and sales during the Class Period will be used to offset the Recognized Loss.

The total of Net Recognized Losses under (A) and (B) shall be the Net Recognized Loss of the Authorized Claimant. Each Authorized Claimant shall receive from the Net Settlement Fund the Claimant's pro rata share of the Net Settlement Fund based on their Net Recognized Loss.

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date. The determination of the price paid per share and the price received per share shall be exclusive of all commissions, taxes, fees and charges.

In processing claims, the first-in, first-out ("FIFO") basis will be applied to both purchases and sales. Sales will be matched in chronological order first against any shares held prior to trading on July 20, 1995, and then against purchases during the Class Period.

The Court will reserve final approval of the plan of distribution until the Settlement Approval Hearing.

8. A hearing will be held before the Honorable Michael J. Davis, United States District Judge, in the United States Courthouse, Courtroom 14E, 300 South Fourth Street, Minneapolis, Minnesota, at 9:00 a.m. on October 5, 2001 (the "Settlement Approval Hearing"), to determine (a) whether the proposed Settlement should be approved as fair, reasonable, adequate and in the best interests of the Plaintiff Class; (b) whether a final judgment should be entered against Plaintiff Class Members in favor of the Defendants as required by the Settlement Agreement; and (c) the Plaintiffs' Counsel's application for an award of attorneys'

fees, experts' fees, costs and expenses (the "Fee Petition") and further costs of administration and a reserve for contingencies. The Settlement Approval Hearing is subject to continuation or adjournment by the Court without further notice.

9.  Any Class Member who desires to object to the proposed Settlement, the allocation of Settlement proceeds or the Fee Petition, or to appear at the Settlement Approval Hearing and show cause, if any, why the same should not be approved as fair, reasonable, adequate and in the best interests of the Plaintiff Class or why a final judgment should not be entered thereon, must serve and file a written notice of intention to appear and written objections in the form and manner required by the Notice. Such notice of intention to appear and objections must be addressed to: United States District Court for the District of Minnesota, c/o Gilardi & Co., P.O. Box 1500, Larkspur, CA 94939-1500 and received by _September 3, 2001_; must refer to the action In re Olympic Financial Ltd. Securities Litigation, Civil File No. 97-496; must provide, with respect to each transaction in the common stock of Olympic made by such person during the Class Period, a statement setting forth the date, type of transaction, price and quantity (i.e. number of shares) of common stock involved; must provide a detailed statement of such person's specific objections to any matter before the Court, the grounds therefore and the reasons for such person's desiring to appear and be heard; and must include all documents and other writings such person wishes the Court to consider. Copies of all materials must also be served upon and received by the following counsel on or before that same date:

Samuel D. Heins
Stacey L. Mills
HEINS MILLS & OLSON, P.L.C.
700 Northstar East
608 Second Avenue South
Minneapolis, MN 55402

**Lead Counsel, Liaison Counsel and
Chair of Executive Committee on
Behalf of Plaintiff Class**

Thomas A. Keller
MOSS & BARNETT
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

**Attorneys for Jeffrey C. Mack**

Stephanie J. Goldstein
FRIED, FRANK, HARRIS,
SHRIVER & JACOBSON
One New York Plaza
New York, NY 10004

**Attorneys for Olympic Financial, Ltd.
Warren Kantor, Scott H. Anderson,
John A. Witham, A. Mark Berlin, Jr.
and Brian S. Anderson**

10.   No person shall be entitled to object to the proposed Settlement, to the final judgment to be entered in the Litigation, to any award of attorneys' fees, costs and expense to Plaintiffs' Counsel, or otherwise be heard, except by serving and filing a written notice of intention to appear and written objections in the form and manner and by the date required by the Notice. Any person who fails to object in the manner and by the date required shall be deemed to have waived any objection and shall be forever barred from raising such objections in this or any other action or proceeding.

11.   Any Class Member who desires to be excluded from the Class and the proposed Settlement must serve and file a written request for exclusion in the form and manner required by the Notice. Such request for exclusion must be addressed to: Olympic Claims Administrator Gilardi & Co., P.O. Box 1500, Larkspur, CA 94939-1500 and received by September 3, 2001; and must refer to the action In re Olympic Financial Ltd. Securities Litigation, Civil File No. 97-496.

12.   Having reviewed the proposed form of Proof of Claim and Release and the Instructions for Proof of Claim and Release submitted by the parties as Exhibit G to the Notice of Motion, the Court hereby approves such Proof of Claim and Release and Instruction for Proof of Claim and Release and directs that Chair of Executive Committee shall mail or cause to be mailed such Proof of Claim and Release and Instruction for Proof of Claim and Release at the same time and in the same manner and to the same persons as provided in Paragraph 5 hereof with respect to Notice.

13.   In order to share in any proceeds resulting from the Settlement of the Litigation, members of the Plaintiff Class must file a Proof of Claim and Release ("Proof of Claim") in the manner provided therein no later than November 12, 2001. A Proof of Claim filed by mail shall be deemed to have been filed when postmarked, if mailed by first class mail, registered mail or certified mail, postage prepaid, addressed in accordance with the instructions given in the Notice, and all other Proofs of Claim shall be deemed to have been filed at the time they are actually received by Chair of Executive Committee or their designated agent.

14.   Upon the entry of the Order for Final Judgment, in form and substance substantially identical to the order submitted by the parties as Exhibit B to the Notice of Motion and Motion, after the Settlement Approval Hearing, all members of the Plaintiff Class, whether

25265.1                                    9

or not they have filed a Proof of Claim within the time provided, shall be barred from asserting any claims against any of the Defendants arising from claims settled pursuant to the Settlement Agreement, and all members of the Plaintiff Class shall be conclusively deemed to have released any and all such claims.

15. Upon the entry of the Order for Final Judgment after the Settlement Approval Hearing and upon the Effective Date of the final judgment as defined in the Settlement Agreement, which will occur on the date upon which the judgment in the Litigation becomes not subject to further appeal or review, only persons who are Plaintiff Class Members shall have rights in the distribution of the Class Settlement Funds created by the proposed Settlement.

16. Pending final determination of whether the Settlement contained in the Settlement Agreement shall be approved, neither the Class Representatives nor any other member of the Plaintiff Class shall continue, commence or prosecute the Litigation.

Dated: June 15, 2001

_____
The Honorable Michael J. Davis
United States District Judge