UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

----------------------------------------------------x
                                                    :
IN RE OLYMPIC FINANCIAL, LTD.     :   Civil File No. 97-496 (MJD/JGL)
SECURITIES LITIGATION             :   Class Action
                                                    :
----------------------------------------------------x
                                                    :
THIS DOCUMENT RELATES TO:   :
ALL ACTIONS                              :
                                                    :
----------------------------------------------------x

**ORDER FOR FINAL JUDGMENT**

WHEREAS, the parties to the above-described class action (the "Litigation") entered into an Agreement of Settlement as of May 16, 2001 (the "Settlement Agreement");

WHEREAS, by order dated June 15, 2001 (the "Preliminary Approval Order"), the Court (1) certified the following class in this matter:

> All persons and entities who purchased the common stock of Olympic Financial, Ltd. ("Olympic") on the open market during the period from July 20, 1995 through March, 3, 1997, inclusive. Excluded from the Class are Olympic, its predecessors, successors, subsidiaries, parents, affiliates and related corporations and entities, the Individual Defendants and any past or current members of the Individual Defendants' immediate families, any entity in which any Defendant has a controlling interest, all officers and directors of Olympic, any subsidiary, affiliate, or controlled person of any such person or entity and the legal representatives, heirs, successors or assigns of any such excluded person or entity,

(2) preliminarily approved a settlement of this action, (3) approved and directed forms and methods of providing class notice, (4) preliminarily approved a plan for distributing the proceeds of the settlement to class members, and (5) set a hearing date to consider

25298.1                                     1

FILED OCT 05 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_____
DEPUTY CLERK_____

final approval of the Settlement and plaintiffs' counsels' application for an award of fees and expenses (the "Settlement Approval Hearing");

WHEREAS, the Court entered an Amended Preliminary Approval Order on July 27, 2001, setting new dates for the mailing and publication of notice, the filing of any objections to the settlement or plaintiffs' counsels' fee application, the filing of any requests to be excluded from the class, and the Final Approval Hearing;

WHEREAS, Notice of the Settlement was mailed to Plaintiff Class Members and a Summary Notice of the Settlements was published in the national edition of <u>The Wall Street Journal</u> on August 6, 2001, in accordance with the Court's Amended Preliminary Approval Order;

WHEREAS, on October 5, 2001 at 9:00 a.m., at the United States District Court, District of Minnesota, Courtroom 14E, 300 South Fourth Street, Minneapolis, Minnesota 55415, the Court held a hearing on whether (1) the Settlement was fair, reasonable, adequate and in the best interests of the Plaintiff Class, and (2) Plaintiffs' Counsels' Application for Fees and Expenses was fair and reasonable; and

WHEREAS, based upon the foregoing, having heard the statements of counsel for the Parties and of such persons as chose to appear at the Settlement Approval Hearing; having considered all of the files, records and proceedings in the Litigation, the benefits to the Class under the Settlement and the risks, complexity and expense of further litigation and being fully advised in the premises,

THE COURT HEREBY FINDS AND CONCLUDES that:

A.   This Court has jurisdiction over the subject matter of the Litigation.

25298.1                                              2

B.   The form, content and method of dissemination of the notices given to Plaintiff Class Members, including both published notice and individual notice to all Plaintiff Class Members who could be identified through reasonable effort, were adequate and reasonable and constituted the best notice practicable under the circumstances.

C.   The notices, as given, complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure, satisfied the requirements of due process and constituted due and sufficient notice of the matters set forth therein.

D.   The Settlement set forth in the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Plaintiff Class.

E.   The plan of distribution as set forth in the Notice is fair, reasonable, adequate and in the best interests of the Plaintiff Class.

F.   The Class Representatives and their counsel fairly and adequately represent the interests of the Plaintiff Class Members in connection with the Settlement.

G.   The Class Representatives and the Plaintiff Class Members, and all and each of them, are hereby bound by the terms of the Settlement set forth in the Settlement Agreement.

H.   The provisions of the Settlement Agreement, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.

NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that:

1.   The Settlement set forth in the Settlement Agreement is fair, reasonable, and adequate, and in the best interest of the Plaintiff Class, and it shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

2. The Plan of Distribution as set forth in the Notice is fair, reasonable, and adequate, and in the best interest of the Plaintiff Class, and is finally approved.

3. Judgment shall be, and hereby is, entered dismissing the Litigation with prejudice and without taxation of costs in favor of or against any party. Any proceeding or order, or any appeal or petition for writ of certiorari pertaining solely to any application for or award of attorneys' fees, costs or expenses shall in no way delay or preclude the judgment from becoming Final.

4. Each Class Representative and each Plaintiff Class Member who has not submitted a timely and proper request for exclusion from the Class is hereby conclusively deemed to have released the Defendants under the following terms:

    a. All claims and causes of action known and/or unknown which were or could have been brought individually or on a class basis in the Litigation including, but not limited to, claims which relate directly or indirectly to any of the facts, transactions, events, occurrences, acts or omissions mentioned or referred to in the Complaint (the "Released Claims") against the Defendants (the "Released Parties"), will be dismissed with prejudice. The Plaintiff Class will release and forever discharge the Released Parties from any and all of the Released Claims.

    b. The Plaintiff Class will be forever barred and enjoined from commencing, instituting or prosecuting, either directly or as a class representative, against the Released Parties any action or proceeding in any other tribunal or administrative forum asserting any of the Released Claims.

A list of those who have timely and properly excluded themselves from the Class is attached to this Order as Exhibit 1.

25298.1                                         4

5. All Plaintiff Class Members are hereby permanently enjoined and barred from instituting, asserting or prosecuting, either directly or as a class representative, any and all claims which the Plaintiff Class Members or any of them, had, have or may in the future have against the Defendants, or any of them, arising out of or based upon the claims being settled by this Settlement Agreement.

6. Plaintiffs' Counsel are hereby awarded a fee from the Class Settlement Fund created by the Settlement in this matter equal to $ 2,059,744.00 (33 1/3% per cent of the Class Settlement Fund, including interest earned on said fund. Additionally, Plaintiffs' Counsel for the Class Representatives are hereby awarded expert fees, costs and expenses in the amount of $ 338,096.00. These amounts are to be paid to the Heins Mills & Olson, P.L.C. Trust Account for further distribution as the Chair of the Executive Committee may determine.

Expenses of administering the Settlement shall be paid from the Class Settlement Fund. A reserve to handle future contingencies shall be established in the amount of $ 475,000.00.

7. The Court, without affecting the finality of this Order for Final Judgment, hereby retains and reserves jurisdiction over: (a) implementation of the Settlement and any distribution to authorized Claimants under the terms and conditions of the Settlement Agreement and pursuant to further orders of this Court; (b) disposition of the Class Settlement Fund under the terms and conditions of the Settlement Agreement and notice; (c) the Litigation until: (i) the Effective Date contemplated by the Settlement Agreement, which will occur on the date upon which this judgment becomes not subject to further appeal or review, and (ii) each and every act agreed to be performed by the Parties shall

have been performed pursuant to the terms and conditions of the Settlement Agreement, including the exhibits annexed thereto; (d) the Litigation, for any other purpose related to the Settlement; and (e) all Parties for the purpose of enforcing and administering the Settlement Agreement.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: Oct. 5, 2001

The Honorable Michael J. Davis
United States District Judge

<u>Exhibit A</u>
for Order of Final Judgment

<u>Person to be excluded</u>

Bryce Malcom Bahner
4636 E. Greenwood Dr.
Anaheim, CA 92808

32738.1